IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID AVILA,

      Petitioner,                      No. 2:10-cv-2375 FCD KJN P

   vs.

MICHAEL MARTEL,

      Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the 2008 decision of the California Board of Parole Hearings ("Board") denying petitioner parole.  This matter is before the court on respondent's motion to dismiss, based on the contention that petitioner's claims are barred by the statute of limitations.  However, subsequent to the briefing in this case, the United States Supreme Court decided Swarthout v. Cooke, 131 S. Ct. 859 (Jan. 24. 2011), which is dispositive of petitioner's claims on the merits.  On this basis, the court recommends that the petition be denied.

        Petitioner contends that his federal constitutional right to due process was violated by the Board's finding that petitioner's release would pose a threat to public safety.  Petitioner claims that the Board's decision was not supported by sufficient evidence of petitioner's current

1

dangerousness, that the Board improperly relied on static factors to reach its decision, and that petitioner's commitment offense was "not particularly egregious."

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise under the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979) (there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made).

California's parole statutes give rise to a liberty interest in parole protected by the federal Due Process Clause. Swarthout v. Cooke, 131 S. Ct. at 861-62. In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence (2008) 44 Cal.4th 1181, 1205-06, 1210; In re Rosenkrantz (2009) 29 Cal.4th 616, 651-53. However, in Swarthout, the Supreme Court held that "[n]o opinion of

1  [theirs] supports converting California's 'some evidence' rule into a substantive federal
2  requirement." <u>Swarthout</u>, 131 S. Ct. at 862.  In other words, the Court specifically rejected the
3  notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of
4  evidence presented, or relied upon, at a parole proceeding.  <u>Id.</u> at 862-63.  Rather, the protection
5  afforded by the federal Due Process Clause to California parole decisions consists solely of the
6  "minimum" procedural requirements set forth in <u>Greenholtz</u>, specifically "an opportunity to be
7  heard and . . . a statement of the reasons why parole was denied."  <u>Id.</u> at 862.  Thus, under
8  <u>Swarthout</u>, petitioner's claims, challenging the factors and sufficiency of the evidence underlying
9  the Board's parole decision, are not cognizable.

10  The Supreme Court has stated that "the beginning and the end of the federal
11  habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for
12  due-process protection."  <u>Swarthout</u>, 131 S. Ct. at 862.  Respondent has submitted a copy of the
13  transcript of petitioner's January 16, 2008, parole hearing.  (Dkt. No. 9, Exh. 1.)  The transcript
14  reflects that petitioner was present, with counsel, at the hearing, that petitioner was afforded
15  access to his record in advance, that petitioner participated in the hearing, and that he was
16  provided with the reasons for the Board's decision to deny parole.  According to the United
17  States Supreme Court, the federal Due Process Clause requires no more.

18  Accordingly, IT IS HEREBY RECOMMENDED that:
19  1.  Petitioner's application for writ of habeas corpus be denied; and
20  2.  Respondent's motion to dismiss be denied as moot.
21  These findings and recommendations are submitted to the United States District
22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
23  one days after being served with these findings and recommendations, any party may file written
24  objections with the court and serve a copy on all parties.  Such a document should be captioned
25  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files
26  objections, he shall also address whether a certificate of appealability should issue and, if so, why

3

and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

avil2375.mtd.157.swarth